UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:16-cr-00251-TWP-MJD |
| | ) | |
| MARIA GONZALEZ, | ) -04 | |
| | ) | |
| Defendant. | ) | |

### ENTRY ON DEFENDANT'S MOTIONS FOR COMPASSIONATE RELEASE

This matter is before the Court on Defendant Maria Gonzalez's ("Ms. Gonzalez") Emergency Motion for Compassionate Release (Dkt. 1256) and Second Emergency Motion for Compassionate Release (Dkt. 1266). In addition, the Government's Motion for Leave to File Untimely Response (Dkt. 1269) is before the Court. For the reasons explained below, Ms. Gonzalez's Motions are **denied** and the Government's Motion is **denied as moot**.

### I. DISCUSSION

On October 22, 2018, Ms. Gonzalez pleaded guilty to one count of conspiracy to possess with intent to distribute and to distribute controlled substances in violation of 21 U.S.C. §§ 841 and 846, and two counts of conspiracy to launder monetary instruments in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i), (h) and 1956(a)(1)(B)(i) and (h); thereafter, she was sentenced to 300 months imprisonment. (Dkt. 1073).

On June 23, 2020, Ms. Gonzalez filed a *pro se* motion that the Court construed as a Motion for Compassionate Release pursuant to the First Step Act of 2018. (Dkt. 1256). Ms. Gonzalez asked that the Court grant her a "compassionate release" from incarceration because she suffers from diabetic seizures and depression. *Id.* In her original motion, Ms. Gonzalez stated that she requested compassionate release from her prison in April 2020. But she did not include a copy of

the request or describe its contents. Thus, it was not clear whether she had exhausted her administrative remedies.

Because Ms. Gonzalez's original motion did not include sufficient information for the Court to determine whether she had exhausted her administrative remedies as required by 18 U.S.C. § 3582(c)(1)(A), on June 24, 2020, the Court directed the parties to file notices addressing whether Ms. Gonzalez had exhausted her administrative remedies. (Dkt. 1257).

On July 30, 2020, Ms. Gonzalez filed a second motion for compassionate release, which the Court construes as an amended motion. (Dkt. 1266). In her amended motion, Ms. Gonzalez states, "I have exhausted my administrative remedy requirements. Warden Easter informed inmates that she will be deny ALL requests for compassionate release and encouraged all inmates to petition the courts for sentence reduction. Easter has said that she is over-whelmed with the amount of request she has received." (Dkt. 1266 at 1). In this filing, Ms. Gonzalez mentions her attempts at exhaustion in the amended motion, but she did not file a separate notice or otherwise provide all the information required by the Court's June 24 Order, and the time for so doing has passed.  Accordingly, this amendment does not provide the Court with the additional information needed to determine whether Ms. Gonzalez has exhausted her administrative remedies.

Moreover, on August 10, 2020, the United States filed a notice stating that, based on its communications with the Bureau of Prisons, it does not believe that Ms. Gonzalez has exhausted her administrative remedies. (Dkt. 1268). It refused to waive the exhaustion requirement.  *Id.*

The exhaustion requirement in § 3582(c)(1)(A) is not jurisdictional and can be waived by the government, but the Court cannot waive it over the government's objection. *See United States v. Cox*, No. 4:18-cr-17-TWP-VTW-1, 2020 WL 1923220, at *3 (S.D. Ind. Apr. 21, 2020); *United States v. Jackson*, No. 2:15-cr-00013-JMS-CMM-1, Dkt. 137 (S.D. Ind. Apr. 28, 2020). Here, the United States refuses to waive the exhaustion requirement. The face of Ms. Gonzalez's amended

motion (even when read in conjunction with the original motion) does not show that she is entitled to compassionate release under § 3582(c)(1)(A).

In her initial motion, Ms. Gonzalez failed to provide sufficient information from which the Court can conclude that she has exhausted her administrative remedies. And, when given the opportunity to provide more information, she failed to do so. Accordingly, her motions, are **denied without prejudice**. Nothing in this Order, however, prohibits Ms. Gonzalez from filing a new motion for compassionate release once she has information to show that she has exhausted her administrative remedies. The **clerk is directed** to include the court's form motion for compassionate release along with Ms. Gonzalez's copy of this Order.

## II. CONCLUSION

For the reasons stated above, Ms. Gonzalez's Motions, dkt. [1256, 1266], are **DENIED without prejudice**. Because the Court has denied Defendant's motions for compassionate release, the United States' motion for leave to file untimely response, dkt. [1269] is **DENIED as moot**.

**IT IS SO ORDERED.**

Date:  8/17/2020

*Tanya Walton Pratt*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Maria Gonzalez
Reg. No. 15493-028
FCI Danbury
Federal Correctional Institution
Route 37
Danbury, CT 06811

All Electronically Registered Counsel