UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:16-cr-251-TWP-MJD-04 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| MARIA GONZALEZ | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:16-cr-00251-TWP-MJD-4 |
| ) | |
| MARIA GONZALEZ, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This matter is before the Court on a Motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A),[1] (Dkt. 1405), and a Motion for Telephonic Status Conference (1498), filed by Defendant Maria Gonzalez ("Ms. Gonzalez") (Dkt. 1405). For the reasons explained below, Ms. Gonzalez's Motions are **denied**.

**I. BACKGROUND**

In 2018, Ms. Gonzalez pled guilty to one count of Conspiracy to Possess With Intent to Distribute and to Distribute Controlled Substances, in violation of 21 U.S.C. §§ 841 and 846, and two counts of Conspiracy to Launder Monetary Instruments, in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) & (h) and 1956(a)(1)(B)(i) & (h). (Dkt. 1073.) The Sentencing Guidelines imprisonment range was

---

[1] Ms. Gonzalez also refers to the possibility of release to home confinement. (Dkt. 1457 at 9.) Pursuant to statute, the location of a prisoner's confinement is the sole province of Bureau of Prisons, and its placement decisions are "not reviewable by any court." 18 U.S.C. § 3621(b). Likewise, the CARES Act expands the powers of the Attorney General and the Director of the Bureau of Prisons to place inmates on home confinement, but it does not expand the courts' ability to do so. *See* Pub. L. No. 116-136, 134 Stat. 281, 516 (2020) (CARES Act § 12003(b)(2)). The Court therefore does not have the authority to order the remainder of Ms. Gonzalez's sentence to be served on home confinement. *See United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021) (district court lacks authority to order transfer to home confinement). Instead, in accordance with § 3582(c)(1)(A), the Court considers whether to reduce Ms. Gonzalez's sentence to time served. *See United States v. Millbrook*, 840 F. App'x 25, 27 (7th Cir. 2021) (finding no error when district court failed to discuss defendant's alternative request for transfer to home confinement because the court had no authority to grant the request under § 3582, which authorizes only sentence "reductions").

a lifetime sentence and the Court sentenced Ms. Gonzalez below guideline range for a total term of 300 months' imprisonment. *Id.* at 2. Ms. Gonzalez appealed the sentence and the Seventh Circuit Court of Appeals affirmed the sentence. (Dkt. 1191.)

As summarized by the Seventh Circuit, Ms. Gonzalez was the girlfriend of the head of a large drug organization that distributed pounds of methamphetamine and cocaine throughout the Indianapolis, Indiana area. *Id*. at 7-8. During at least a portion of the conspiracy Ms. Gonzalez's boyfriend (co-defendant Jose Zamudio) lived with her, and she allowed him to store and sell methamphetamine in her home. Ms. Gonzalez also laundered her boyfriend's drug money by utilizing InterCambio Express, MoneyGram, and Western Union to wire drug proceeds from Indiana to Mexico and California. *Id*. She also recruited her son, his girlfriend, and his girlfriend's sister to help her by sending wires and making bank deposits. *Id*.

Ms. Gonzalez initially filed her motion for compassionate release *pro se*. (Dkt. 1405.) The Court appointed counsel, (Dkt. 1409), and counsel filed a brief in support of Ms. Gonzalez's motion. (Dkt. 1457.) In her submissions, Ms. Gonzalez argues that she establishes extraordinary and compelling reasons for compassionate release because she is at risk of severe illness should she contract COVID-19 again due to her underlying medical conditions (seizures, obesity, former smoker, hypoglycemic, hypertension, depression). (Dkts. 1405, 1457.) She also argues that her Hispanic heritage increases her risk for hospitalization or death from COVID-19. (Dkt. 1457.) Ms. Gonzalez asserts that her family needs her help and that she was improperly sentenced as a "manager or supervisor" under the Guidelines.[2] Ms. Gonzalez filed a supplement, in which she represents that she had contracted COVID-19 for the third time. (Dkt. 1480.)

---

[2] It appears that Ms. Gonzalez only raises her alleged improper sentencing under the guidelines as a factor for consideration under the balancing of the sentencing factors pursuant to 18 U.S.C. § 3553 and not as a separate extraordinary and compelling reason to grant release. (Dkt. 1457 at 10.) Nevertheless, the Court will also address it as a separate potentially extraordinary and compelling reason for compassionate release.

The Government filed a brief in opposition stating that the Motion should be denied because Ms. Gonzalez has not presented extraordinary and compelling reasons for her release, because she is a danger to the community, and because the factors of 18 U.S.C. § 3553(a) weigh against release. (Dkt. 1482.)  Ms. Gonzalez did not file a reply.  Thus, the Motion is now ripe for ruling.

## II. **DISCUSSION**

The general rule is that sentences imposed in federal criminal cases are final and may not be modified.  18 U.S.C. § 3582(c).  Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction.  18 U.S.C. § 3582(c)(1)(A)(i).  The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute.  *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020).  The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction."  *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Ms. Gonzalez's first reason for requesting a sentence reduction—the risk to her physical health presented by COVID-19, particularly in light of her medical conditions and ethnicity—is not an extraordinary and compelling reason to release her, either alone or in combination with any other reason.

> [F]or the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer far more relief than a judicial order. . . . [F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release.

*United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021).  Ms. Gonzalez is fully vaccinated and boosted, (Dkt. 1482-1), and she has presented no evidence that she is unable to receive or benefit from the vaccine.

Indeed, Ms. Gonzalez has now contracted COVID-19 multiple times and appears to have had asymptomatic/mild infections each time. *Id.* Additionally, Ms. Gonzalez "has not presented any evidence establishing that [she] is more at risk for an adverse outcome in prison than [she] would be if released." *United States v. Barbee*, 25 F.4th 531, 533 (7th Cir. 2022). Specifically, she has not presented "data showing that vaccinated prisoners are at materially greater risk of breakthrough infections than other vaccinated persons." *United States v. Avila*, No. 21-2383, dkt. 19 (7th Cir. Feb. 15, 2022); *United States v. Hoskins*, No. 21-2912, 2022 WL 2187558, at *1 (7th Cir. June 16, 2022) (emphasizing that a defendant needs individualized evidence of why, despite his vaccination, his medical risks are extraordinary compared to the general population). As a result, Ms. Gonzalez has not carried her burden to show that the risk she faces from the COVID-19 pandemic is an extraordinary and compelling reason for relief under § 3582(c)(1)(A). *Barbee*, 25 F.4th at 533.

Ms. Gonzalez's desire to be released because she "has two (2) minor children who very much need her presence during these challenging times" is also not an extraordinary and compelling reason to grant her release, alone or in conjunction with any other reason. (Dkt. 1457 at 3.) Ms. Gonzalez does not provide any further information on her family's needs. Nevertheless, while the Court understands that Ms. Gonzalez would like to be there for her family, there is no evidence that her children have no other available caregivers. In fact, the children—who would now be ages 19 and 9—are currently living with her husband and would continue to do so even if she is released.[3] *Id.* Many inmates would like to be at home helping to care for their children and are unable to do so due to their incarceration. This is not an extraordinary circumstance, whether standing alone or in combination with any other factor.

---

[3] In her Motion, Ms. Gonzalez reports that "[i]f released, Maria plans to reside in Indianapolis with her husband and children…" . (Dkt. 1457 at 3.)

Finally, Ms. Gonzalez's argument about the improper application of the manager enhancement under the Guidelines is unpersuasive, whether considered alone or together with any other reason. When deciding whether 'extraordinary and compelling reasons', 18 U.S.C. § 3582(c)(1)(A)(i), justify a prisoner's compassionate release, judges must not rely on non-retroactive statutory changes or new judicial decisions. There's nothing 'extraordinary' about new statutes or caselaw, or a contention that the sentencing judge erred in applying the Guidelines; these are the ordinary business of the legal system, and their consequences should be addressed by direct appeal or collateral review under 28 U.S.C. § 2255. *United States v. King*, 40 F.4th 594, 595 (7th Cir. 2022) (cleaned up); *United States v. Martin*, 21 F.4th 944, 946 (7th Cir. 2021) (a motion for compassionate release is not the proper way to remedy a potential error in the original sentence).

Given the determination that Ms. Gonzalez has not shown extraordinary and compelling reasons to justify her release, the Court need not address whether she is a danger to the community and whether the sentencing factors listed in 18 U.S.C. § 3553(a) weigh in favor of her release. However, even if she had made such a showing, the Court would nevertheless find that Ms. Gonzalez is not entitled to compassionate release because the § 3553 factors do not weigh in her favor.[4] Ms. Gonzalez will live with family if released and plans to obtain employment as a cook. (Dkt. 1457 at 3.) She represents that she has "not been in any trouble during her incarceration." (Dkt. 1457 at 9.) Weighing heavily against her, however, Ms. Gonzalez's crimes were serious. She engaged in both large-scale methamphetamine trafficking, as well as international money laundering. She participated

---

[4] The factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

in the criminal conspiracy over a lengthy period of time, which resulted in the distribution of vast amounts of methamphetamine into the Southern District of Indiana. The weight of the evidence against Ms. Gonzalez is overwhelming, and she acknowledged her guilt. Moreover, Ms. Gonzalez has served only a small portion of her sentence. She is not scheduled to be released until 2038 and thus releasing her now would be a substantial reduction.[5]

In light of these considerations, the Court finds that releasing Ms. Gonzalez now would not reflect the seriousness of the offense, promote respect for the law, or provide just punishment for the offense. *See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021) ("all a district judge need do is provide a sufficient reason for [denying relief under § 3582(c)(1)]. One good reason for denying a motion such as Ugbah's is enough; more would be otiose.").

### III.  CONCLUSION

For the reasons stated above, Ms. Gonzalez's Motion for compassionate release, Dkt. [1405], is **DENIED**. Ms. Gonzalez's Motion for Telephonic Status Conference, Dkt. [1498], is **DENIED as moot** as the Court has now ruled upon the motion.

**SO ORDERED.**

Date:  8/10/2022

                                                      Hon. Tanya Walton Pratt, Chief Judge
                                                      United States District Court
                                                      Southern District of Indiana

---

[5] The Seventh Circuit Court of Appeals has determined "[t]here was no error in the district court's application of the aggravating role enhancement, and certainly not one that was plain." *United States v. De La Torre et al.*, 940 F.3d 938, 947 (7th Cir. 2019). But even if the Court accepted Ms. Gonzalez's argument that her guidelines range would have been 292- and 365-months imprisonment without the manager or supervisor enhancement and that the enhancement was improper, Dkt. 1457 at 11, she still would have only served a small portion of the low end of that guidelines range at this point.

DISTRIBUTION:

Maria Gonzalez, #15493-082
33 1/2 Pembroke Road
Danbury, Connecticut  06811

Erin L. Berger
Attorney-at-Law
erin@erinbergerlaw.com

Michelle Patricia Brady
UNITED STATES ATTORNEY'S OFFICE
michelle_brady@usdoj.gov