Case 1:16-cr-00251-TWP-MJD   Document 1592   Filed 05/30/24   Page 1 of 4 PageID #: 9642

AO 247 (Rev. 03/19) Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)   Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the
Southern District of Indiana

| | |
|---|---|
| United States of America ) | |
| v. ) | Case No: 1:16-CR-00251-TWP-MJD-04 |
| MARIA GONZALEZ ) | |
| ) | USM No: 15493-028 |
| Date of Original Judgment: 10/22/2018 ) | |
| Date of Previous Amended Judgment: ) | Belle T. Choate (former) |
| *(Use Date of Last Amended Judgment if Any)* | *Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of  ☒ the defendant  ☐ the Director of the Bureau of Prisons  ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☒ **DENIED.**  ☐ **GRANTED** and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____ .

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated  10/22/2018  shall remain in effect.
**IT IS SO ORDERED.**

Order Date: 5/30/2024

*Judge's signature*

Effective Date: _____   Honorable Tanya Walton Pratt, U.S. District Court Chief Judge
*(if different from order date)*   *Printed name and title*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:16-cr-00251-TWP-MJD |
| ) | |
| MARIA GONZALEZ ) | |
|   a/k/a MARIA GARCIA ) | |
|   a/k/a MARIA DEL ROCIO CHAVES ) | |
| GARCIA ) | |
|   a/k/a MARIA DEL ROARIO CHAVEZ ) | |
| GARCIA ) | |
|   a/k/a PALOMA GONZALEZ CHAVEZ ) | |
|   a/k/a SOFIA CHAVEZ GARCIA, ) -04 | |
| ) | |
| Defendant. ) | |

**ORDER DENYING MOTIONS FOR REDUCTION OF SENTENCE**

This matter is before the Court on Defendant Maria Gonzalez's ("Gonzalez") Motions for Reduction of Sentence filed pursuant to 18 U.S.C. § 3582, U.S.S.G. § 1B1.10, and Amendment 821 to the Sentencing Guidelines (Filing No. 1572; Filing No. 1586).[1] Gonzalez was convicted of Count 1: Conspiracy to Possess With Intent to Distribute and to Distribute Controlled Substances; and Counts 12 and 13: Conspiracy to Launder Monetary Instruments. Based on a total offense level of 43 and a criminal history category of I, the guideline sentence for Count 1 was life imprisonment. The Court imposed a substantial downward variance and Gonzales received a sentence of 300 months on Count 1 and 240 months on Counts 12 and 13, all counts concurrent (Filing No. 1073 at 2). She seeks a reduction of her sentence pursuant to Part B of Amendment

---

[1] The Court appointed the Indiana Federal Community Defender to represent Gonzalez (Filing No. 1573). Counsel was later granted leave to withdraw (Filing No. 1576). Gonzalez was afforded an opportunity to supplement her petition following the withdrawal. She filed an amended Motion on May 3, 2024 (Filing No. 1586) and a supplemental Certificate of Achievement related to her Motions on May 22, 2024 (Filing/No. 1590).

821.[2] Plaintiff United States of America (the "Government") has filed a Response in Opposition, in which it asserts that Gonzalez is ineligible for reduction because Part B of Amendment 821 is not applicable to her, and even if Part B were applicable, her sentence is already lower than the amended guideline range minimum and cannot be further reduced (Filing No. 1588).

The Court has the authority to modify a previously imposed sentence pursuant to 18 U.S.C. § 3582(c)(2) if the defendant's guideline range has been lowered subsequent to her sentencing by an act of the United States Sentencing Commission. In determining whether a defendant is eligible for such relief, district courts are to employ a two-step analysis. *See Dillon v. United States*, 560 U.S. 817, 826 (2010). At step one, the Court is to determine whether the defendant is eligible for resentencing and the extent of the reduction authorized. *Id*. at 827. In making this determination the Court must heed the binding instructions of the Sentencing Commission codified at U.S.S.G. § 1B1.10. *Id*. at 828-29. If the defendant is eligible for a reduction, the Court advances to the second step. At the second step, the Court considers any applicable § 3553(a) factors and determines whether, in the Court's discretion, the authorized reduction is warranted in whole or in part under the particular circumstances of the case *Id*. at 827.

As to the step one analysis under *Dillon*, the Court agrees with the Government that Gonzalez is ineligible for a sentence reduction because she does not meet the criteria for Part B to Amendment 821. In Part B, the Sentencing Commission added a two offense level reduction for certain offenders with zero criminal history points under the new U.S.S.G. § 4C1.1. However, the reduction applies only to zero-point offenders who meet the ten criteria under §§ 4C1.1(a)(1)–(10). Gonzalez fails to meet the requirement under § 4C1.1(a)(7), which requires that "the defendant did

---

[2] In her Amended Motion (Filing No. 1586), Gonzalez marks Part B as "N/A" (not applicable) and instead argues that her sentence should be reduced in light of her participation in BOP programming and acceptance of responsibility. It is unclear whether Gonzalez intended to withdraw her request for a sentence reduction pursuant to Part B of Amendment 821, so the Court will discuss whether Gonzalez is entitled to such a reduction.

2

not possess, receive, purchase, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce any participant to do so) in connection with the offense." Since Gonzalez possessed firearms in connection with the offense (Filing No. 1104 at 18–29), she is not eligible for the reduction under Part B to Amendment 821.[3]

Because Part B to Amendment 821 is inapplicable, Gonzalez's guideline range does not change, and she is not eligible for resentencing. *See* § 3581(c)(2); § 1B1.10(a)(2)(B). The Court will therefore not proceed to step two under *Dillon*, though the Court commends Gonzalez for her diligent efforts toward her personal and professional growth while in custody and sincerely hopes those efforts continue.

Gonzalez's Motions for Reduction of Sentence (Filing No. 1572; Filing No. 1586) are **DENIED**. Gonzalez's total Criminal History Points of zero and Criminal History Category of I remain **unchanged**.

**SO ORDERED**.

Date: 5/30/2024

*[signature]*

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

MARIA GONZALEZ
Register Number: 15493-028
FMC Carswell
P. O. Box 27137
Fort Worth, TX  76127

---

[3] Because Part B is inapplicable to Gonzalez, the Court need not, and therefore does not, address the Government's alternative argument that even if Part B applied, Gonzalez's sentence could not be further reduced because her sentence is already lower than the minimum of the amended guideline range.